UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

May 04, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Kayla Lokey**
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Deon Andre Green | ) | Case No. 5:26-cr-00001 |
| *a/k/a* Dalayah Assir Yashar'al, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion in Limine to Request that the Court and Parties Refer to Defendant by His Religious Name.  (Mot. in Lim. (Dkt. 48).)

Defendant—born Deon Green—is charged with knowingly failing to register and update a registration as required by the Sex Offender Registration and Notification Act.  (Dkt. 1 ¶ 1.)  Defendant avers that he has adopted the religious name "Dalayah Yashar'Al."  (Mot. in Lim. at 1.)  Defendant's adoption of this name stems from his long-standing faith as a Hebrew Israelite.  (*Id.*)

In his motion, Defendant requests that the court and the government refer to him as Mr. Yashar'Al during his upcoming criminal trial.  (*Id.* at 1.)  Defendant also requests that he be allowed to use this name in court.  (*Id.* at 3.)  Defendant offers two arguments in support. First, Defendant argues that he has adopted the name "Dalayah Yashar'Al" under Michigan common law.  (*Id.* at 1–2 (noting that Michigan, Defendant's home state, does not require petitioning a court for a formal name change).)  Second, Defendant seemingly argues that his free exercise of religion would be substantially burdened under the First Amendment and the

Religious Freedom Restoration Act ("RFRA") if the court and the government fail to use his religious name.   (*Id.* at 2–3.)

For the following reasons, the motion will be granted in part and denied in part. Defendant may refer to himself as Mr. Yashar'Al throughout the upcoming trial.  But the court and the government need not do so.  Even assuming Defendant has legally changed his name under Michigan common law, the name "Deon Green" may appear in records necessary to prove the government's case.  A categorical prohibition on the court or the government from using the name "Deon Andre Green" risks confusing and misleading the jury.  *Cf. United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976) (allowing use of an alias in an indictment where it "is necessary to identify the defendant in connection with the acts charged in the indictment").

Nor does Defendant show that his free exercise rights will be "substantially burdened" if the court or the government uses his birth name in trial.  Under RFRA, the government substantially burdens religion only if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs" or conditions a government benefit on the waiver of a religious right.  *El Ali v. Barr*, 473 F. Supp. 3d 479, 524–25 (D. Md. 2020) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)) (cleaned up).[1]  But Defendant offers no argument that the court and the government's use of his birth name in court will pressure him to modify his beliefs or to choose between his beliefs and a government benefit.  Again, Defendant may

---

[1] For example, the Fourth Circuit found that prison officials' use of a prisoner's non-religious birth name impinged his free exercise rights when the prisoner was "forced to acknowledge his religiously offensive name to receive the trust fund moneys to which he [wa]s entitled."  *Ali v. Dixon*, 912 F.2d 86, 90 (4th Cir. 1990).

freely refer to himself as Mr. Yashar'Al—and thus express his religious convictions without penalty—throughout the proceeding. *See Barrett v. Virginia*, 689 F.2d 498, 503 (4th Cir. 1982) ("[I]n general, the first amendment prohibits certain forms of state action but does not command affirmative acts on the part of the government.").

Moreover, the government's inclusion of Defendant's preferred name in the indictment is an adequate religious accommodation. *Cf. Muhammad v. Shearin,* No. CIV.A. ELH-13-1072, 2013 WL 5707347, at *6 (D. Md. Oct. 17, 2013) (adding an inmate's religious name to official records "as an 'AKA' or 'alias'" but continuing to use a prisoner's commitment name on records "is a constitutionally adequate accommodation." (citing *Ephraim v. Angelone*, 313 F. Supp. 2d 569, 575–76 (E.D. Va. 2003); *Barrett*, 689 F.2d at 503)).

Accordingly, the motion *in limine* is **GRANTED in part** and **DENIED in part.** Defendant may refer to himself as Mr. Yashar'Al, but the court and the government will not be required to do so. Moreover, to avoid confusion, the court will instruct the jury that Defendant—born Deon Green—has adopted the name Dalayah Yashar'Al, and that the two names refer to the same person, as acknowledged by Defendant. (Mot. in Lim. at 1.)

**IT IS SO ORDERED.**

**ENTERED** this  4th  day of May, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE