CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 17, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

United States of America,

v.

Deon Andre Green
*a/k/a* Dalayah Assir Yashar'al,

Defendant.

Case No. 5:26-cr-00001

**MEMORANDUM OPINION AND ORDER**

On May 12, 2026, a federal jury convicted Defendant Deon Andre Green on one count of knowingly failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). This matter is before the court on Defendant's renewed motion for judgment of acquittal. (Dkt. 89.) For the following reasons, the court will deny the motion.

## I. Background

On January 14, 2026, a grand jury indicted Defendant on a single count of knowingly failing to register and update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). (Dkt. 1.)

A two-day jury trial was held on May 11–12, 2025. (Dkts. 74, 75.) In its case-in-chief, the government presented evidence that Defendant was convicted of a sex offense in 2011 in Michigan; that Defendant moved to Virginia in 2025; and that Defendant subsequently failed to register as a sex offender in Virginia under SORNA. To show Defendant's failure to register, the government called as a witness Amanda Rader, a custodian of records for the Virginia State Police Sex Offender and Crimes Against Minors Registry. (Day One Transcript

at 66–67 (Dkt. 86).) Rader testified that she searched Virginia's sex offender registry but did not locate a registration for an offender named "Deon Andre Green" or "Dalayah Assir Yashar'al."[1] (Day One Transcript at 75.) Rader also testified that she did not find any Virginia registration for a social security number beginning in "382-" that Defendant had previously offered to law enforcement. (*Id.* at 80; Dkt. 76-4; *see* Day One Transcript at 122.)

At the close of the government's case, Green moved for judgment of acquittal on Count One, pursuant to Federal Rule of Criminal Procedure 29(a). The court overruled the motion. Thereafter, Defendant took the stand to testify on his own behalf. (Day Two Transcript at 70 (Dkt. 87).) The government cross-examined him thereafter. (*Id.* at 76.)

Before deliberations, the court instructed the jury that the charged offense consisted of the following elements: (1) that Defendant was required to register as a sex offender under SORNA; (2) that he traveled in interstate commerce, and (3) that he knowingly failed to register or failed to update a registration as required by SORNA. (*See* Dkt. 77 at 25.) The court instructed the jury that these elements must be proved sequentially. (*Id.*) After deliberating, the jury returned a verdict of guilty on May 12, 2026. (Dkt. 78.)

Green timely filed his renewed motion for judgment of acquittal on June 11, 2026. (Dkt. 89.) The government responded on June 18, 2026. (Dkt. 90.)

[1] Before the trial, Defendant informed the court that he had adopted the religious name "Dalayah Yashar'Al," by which he requested that the court and the government refer to him during trial. (Dkt. 48.) The court denied this request but allowed Defendant to refer to himself as Dalayah Yashar'Al. (Dkt. 60.)

## II. Standard

Rule 29(c)(1) of the Federal Rules of Criminal Procedure provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

A court considering a motion for judgment of acquittal must determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). At bottom, the court must sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020) (cleaned up).

## III. Analysis

In his renewed motion, Defendant challenges only the sufficiency of the evidence on Count One's third element: that Defendant "knowingly failed to register [in Virginia] or failed to update a registration as required by" SORNA. (Dkt. 89 at 4–5, 8 (emphasis omitted).) Defendant's main argument is that the government's search of Virginia's registry database was inadequate. First, Defendant argues, the "382-" social security number that Rader searched did not actually belong to Defendant, with his actual social security number beginning in "369-." (Dkt. 89 at 4.) Second, Defendant contends that Rader did not search for the name

"Deandre Green," a nickname with Defendant which he had identified himself to U.S. Forest Service officers. (*Id.*) For these reasons, Defendants contend that there is no substantial evidence that Defendant failed to register in Virginia. (*See id.* at 4–5.)

Defendant's sufficiency argument fails for several reasons. To start, the argument fails to invalidate the weight of Rader's testimony. Rader searched Virginia records for "Deon Andre Green," Defendant's legal name, and "Dalayah Yashar'Al," his religious alias. (Day One Transcript at 75.) "Deon Green" is the only name under which Defendant had signed sex offender forms in Michigan between 2010 and 2017. (Dkts. 76-1, 76-2, 76-3.) And each time Defendant verified his status as a sex offender in Michigan, he was required to show his Michigan ID containing the name "Deon Andre Green," which registry officials confirmed matched Defendant. (Day One Transcript at 56–57; Dkt. 76-2 at 6.) So even if Rader didn't search for "Deandre Green"—a nickname that Defendant did not use to register as a sex offender on Michigan forms, (*id.*)—or Defendant's real social security number,[2] Rader's search of "Deon Andre Green" and "Dalayah Yashar'Al" provided at least circumstantial evidence that Defendant failed to register in Virginia. The government's evidence "need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." *Burgos*, 94 F.3d at 858.

And Rader's testimony was far from the only evidence supporting the third element. Start with Defendant's own testimony. When asked on his direct examination whether he

[2] As the government notes, Rader only searched the "382-" social security number because Defendant provided this apparently fake number to law enforcement. (Gov.'s Resp. at 5 n.1 (Dkt. 90).) This use of a false identification could be considered by the jury to show Defendant's consciousness of guilt. *See United States v. Vogt*, 910 F.2d 1184, 1192 (4th Cir. 1990).

"stop[ped] registering at some point," Defendant testified: "Yeah, for many different reasons." (Day Two Transcript at 75.) On cross-examination, the government asked Defendant: "[W]hen you came to Virginia, you decided not to register as a sex offender?" (*Id.* at 84.) Defendant responded: "Didn't know I had to register as a sex offender, especially Michigan passed a law. And I was, you know, coming to another state off the grid, not around any neighborhood, having no residence, working, or going to school. I didn't know that, you know, Deon was required to register." (*Id.*) A "reasonable finder of fact" could take this testimony as an admission that Defendant decided not to register as a sex offender in Virginia.[3] *Burgos*, 94 F.3d at 862.

But there is more. The government presented evidence that Green lied to law enforcement about his previous sex offense conviction, (Day One Transcript at 99 (discussing video evidence in which Defendant told law enforcement his only prior arrest had been for a "ticket"); provided a false date of birth, (*id.* at 96, 100); and a false social security number, (*id.* at 123). "Juries may . . . consider false exculpatory statements as evidence of a defendant's 'consciousness of guilt,' meaning the defendant knew he was doing something wrong or illegal, which bears on the issue of knowledge." *United States v. Ath,* 951 F.3d 179, 187 (4th Cir. 2020);

[3] Defendant argues that his response to the government's question, "[W]hen you came to Virginia, you decided not to register as a sex offender?" should not be taken as an admission that he failed to register in Virginia. (Dkt. 89 at 6 (cleaned up).) As support, Defendant notes that he "came to Virginia on *two separate occasions*"—once from mid-August 2025 to late September 2025, and a second time from September 29, 2025 until his arrest. (*Id.* at 6–7.) Defendant contends that on his first, shorter visit to Virginia, "[i]t is not clear that [he] even had an obligation to register in Virginia at th[at] time." (*Id.* at 7.) Thus, Defendant contends that "it is unclear which time is being referred to by the government" in this question: the first visit (when he may not have had an obligation to register) or his second, longer stay. But even reserving Defendant's argument that he had no obligation to register on his first visit to Virginia—which the court does not analyze at this time—the government's question should "be considered in context and given its common sense meaning." *Cf. United States v. Stephenson*, 907 F.2d 1141, 1990 WL 86149, at *3 (4th Cir. June 12, 1990) (unpublished table decision). In context, the government clearly asked whether Defendant decided not to register as a sex offender when he made Virginia his new residence and stayed in the state for months.

*see also United States v. Elsheikh*, 578 F. Supp. 3d 752, 780 (E.D. Va. 2022), *aff'd*, 103 F.4th 1006 (4th Cir. 2024) (noting "false identifying statements are plainly relevant, insofar as they may demonstrate consciousness of guilt on the part of Defendant"). Finally, the government produced evidence showing that Defendant signed documents notifying him of his obligation to register when he relocated to a new state. (*See* Dkts. 76-1, 76-2, 76-3.) In other words, the government adduced evidence that Defendant knew of his obligation to register as a sex offender when he relocated to Virginia. Taken together, there was substantial evidence that clearly allowed a rational factfinder to conclude that Defendant knowingly failed to register as a sex offender in Virginia beyond a reasonable doubt.

## VI. Conclusion and Order

All in all, Defendant has not met the "high burden of showing that no rational factfinder" could find him guilty beyond a reasonable doubt. *United States v. Jenkins*, 169 F.4th 497, 511 (4th Cir. 2026). The government presented sufficient evidence that Defendant knowingly failed to register as a sex offender in Virginia. Even if much of the evidence was circumstantial, "circumstantial evidence may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008) (cleaned up).

For these reasons, Defendant's renewed motion for judgment of acquittal is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED** this 17th day of August, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE